————o————

No. 6984.

## JOHN CASHMAN v. BUCKEYE DITCHING CO.

### Syllabus.

### On Motion to Dismiss.

1. The amount involved in a controversy is to be found from the pleadings and not from the evidence, and when the pleadings show that more than $100 is claimed, this Court has appellate jurisdiction although the evidence may show that less than $100 is actually due.

2. The name of the individual who may happen to be Clerk of Court is mere surplusage in an appeal bond, and hence an error in naming such individual, can not prejudice the appeal, especially since the adoption of Act 112 of 1916.

Appeal from the Twenty-eighth Judicial District Court, No. 1647. Motion to dismiss appeal denied.

Prentice E. Edrington, Jr., for plaintiff and appellee.

Wm. A. Dixon, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Appellee moves to dismiss this appeal on the ground that there is less than $100 involved. The claim was originally for $300, but as a witness plaintiff made admissions from which it appeared that his claim was good for $87 only, and accordingly he had judgment for that amount.

281

But nowhere in the pleadings, formally or informally, has the balance of his claim been abandoned. The amount involved is therefore still $300 and this Court has appellate jurisdiction, for the correctness of the amount to be allowed plaintiff depends on the evidence and not on the pleadings.

It is further urged that the appeal bond named as clerk of the Court, a qua, one who was not in fact clerk, and that the bond given is therefore not such as the law requires.

But the law simply requires that the bond be made in favor of the clerk, and does not require that he be mentioned by name. Hence the naming of the individual is mere surplusage, and the bond remains one in favor of the clerk of Court. Moreover Act 112 of 1916 provides that mere inaccuracies in appeal bonds shall not prejudice either party. The bond is therefore good.

Motion denied.

Opinion and decree, January 22nd, 1917.

---

### Syllabus.

### On Merits.

Questions of fact only are involved.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for wages alleged to be due and unpaid for work done in defendant's employ. The issue, one of fact only, hinges upon a determination of the fact of whether or not he was employed by defendant.

282

On this question but two witnesses were heard in open Court, plaintiff and one Curtis, an agent of defendant. Their testimony is in hopeless conflict, but we must confess that the vague, contradictory, rambling and uncertain statements of plaintiff are much less convincing than the direct, positive and apparently frank and unstudied testimony of Curtis.

And though the trial Court resolved the issue of fact in plaintiff's favor, the record before us requires that we reverse its action. For two other witnesses, heard out of the presence of the Court, not only contradict plaintiff's testimony, but strongly support and corroborate that of Curtis in every material particular.

The judgment is accordingly set aside and reversed, and it is now decreed that the attachment be annulled, that plaintiff's suit be dismissed and that he pay all costs in both Courts.

Reversed.

Opinion and decree, April 16th, 1917.

———o———

